Shannon Carter
Name # 70773
Prison Number
P.O. Box 1989 E14, NV. 89301
Place of Confinement

```
_____
|  ✓   FILED       _____ RECEIVED  |
|  _____ ENTERED   _____ SERVED ON |
|        COUNSEL/PARTIES OF RECORD |
|     _____   |
|     |                        |   |
|     |      MAY 0 5 2021       |   |
|     |_____|   |
|      CLERK US DISTRICT COURT    |
|        DISTRICT OF NEVADA       |
| BY: ꟿ   "COPY RETURNEʀ  DEPUTY  |
|_____|
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Shannon Carter _____, Petitioner, )
(Full Name)                         )
              vs.                   )
The State of Nevada Department et al., )
of Corrections and James Dzurenda Respondent, )
(Name of Warden, Superintendent, jailor or )
authorized person having custody of petitioner) )
                                    )
              and                   )
                                    )
The Attorney General of the State of Nevada )

3:21-cv-00208

CASE NO. _____
(To be supplied by the Clerk)

**PETITION FOR A**
**WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2254**
**BY A PERSON IN STATE CUSTODY**
**( NOT SENTENCED TO DEATH)**

---------------------------------------------

1.  Name and location of court, and name of judge, that entered the judgment of conviction you are challenging: 2nd Judicial District Court of Nevada / Kathleen Drakulich _____.

2.  Full date judgment of conviction was entered: ___ / N/A / ___.  (month/day/year)

3.  Did you appeal the conviction? ✓ Yes ___ No.  Date appeal decided: ___ / N/A / ___.

4.  Did you file a petition for post-conviction relief or petition for habeas corpus in the state court?
    ✓ Yes ___ No.  If yes, name the court and date the petition was filed: _____
    _____ ___ / ___ / ___.  Did you appeal from the denial of the petition for
    post-conviction relief or petition for writ of habeas corpus? ✓ Yes ___ No. Date the appeal
    was decided: ___ / ___ / ___.  Have all of the grounds stated in this petition been presented to the
    state supreme court? ✓ Yes ___ No.  If no, which grounds have not? _____
    _____.

5.  Date you are mailing (or handing to correctional officer) this petition to this court: ___ / ___ / ___.
    **Attach to this petition a copy of all state court written decisions regarding this conviction.**

New Ruling in N.V. Supreme Court 2018 provided
Relief in the instant case.

6.   Is this the first federal petition for writ of habeas corpus challenging this conviction? ✓ Yes
     ___ No.   If no, what was the prior case number ? _____ N/A _____ . And in what court was
the  prior action filed? _____ N/A _____ .
     Was the prior action ✓ denied on the merits or ___ dismissed for procedural reasons (check
     one). Date of decision: _3_ / _12_ / _21_ .   Are any of the issues in this petition raised in the
     prior petition?   ___ Yes ✓ No.   If the prior case was denied on the merits, has the Ninth
     Circuit Court of Appeals given you permission to file this successive petition? ___ Yes ___ No.

7.   Do you have any petition, application, motion or appeal (or by any other means) now pending in
     any court regarding the conviction that you are challenging in this action?   ___ Yes ✓ No.
     If yes, state the name of the court and the nature of the proceedings: _____
     _____ N/A _____ .

8.   Case number of the judgment of conviction being challenged: CR01 - 1055 _____ .

9.   Length and terms of sentence(s): 2 to 6   6 to 15   6 to 15  years _____ .

10.  Start date and projected release date: 2001 _____

11.  What was (were) the offense(s) for which you were convicted: 2n degree Kidnamp - w/Enhancement
     mit 3rd Domns Battery

12.  What was your plea? ✓ Guilty ___ Not Guilty ___ Nolo Contendere. If you pleaded guilty
     or nolo contendere pursuant to a plea bargain, state the terms and conditions of the agreement:
     See Attached plea agreement _____

13.  Who was the attorney that represented you in the proceedings in state court? Identify whether
     the attorney was appointed, retained, or whether you represented yourself *pro se* (without counsel).

| | Name of Attorney | Appointed | Retained | Pro se |
|---|---|---|---|---|
| arraignment and plea | Paul Griess | ✓ | ___ | ___ |
| trial/guilty plea | Paul Griese | ✓ | ___ | ___ |
| sentencing | Paul Griese | ✓ | ___ | ___ |
| direct appeal | Scott Edwards | ✓ | ___ | ___ |
| 1st post-conviction petition | Pro Se | ✓ | ___ | ✓ |
| appeal from post conviction | Pro Se | ___ | ___ | ✓ |
| 2nd post-conviction petition | Pro Se | ___ | ___ | ✓ |
| appeal from 2nd post-conviction | Pro— | ___ | ___ | ✓ |

**State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.**

## GROUND 1

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my 14th Amendment right to Due Process " Breach of Plea , Plain err.

based on these facts:

District court along with the N.V. Supreme Court are in error in the instant case. Stating: The appropriate Remedy for Carter's Claims would be a parole hearing. For NDOC's Calculation error which extended the time Mr. Carter must serve in prison Along with prolonged incarceration on at less one Conviction Where the Violations amounted to a direct Breach of Mr. Carters Plea agreement. Stating: The appropriate remedy for Carters claims would be a parole hearing. See Williams V. State Dep't of Corr., 133 Nev. 594, 600 (2017)( The application of credits under N.R.S. 209.4465 (7)(B) only Serves to make an offender eligible for parole ealier.) Thus, if he has already received a parole hearing regarding this Sentence, his claim is moot. See id. No relief can be afforded where the offender has already expired the Sentence or appeared before the parole board on that Sentence. See Exhibit #1 NV Supreme court order of Affirmance.

What district court and the N.V. Supreme court refuse and or fail to understand is Mr. Carter entered a legal binding Plea agreement with the State of Nevada and the erroneous credit application applied to Mr. Carter under Specific orders of the A G's office was contrary to the credit laws in which govern the convictions of Mr. Carters Plea agreement. See Exhibit #2 Plea agreement.

**Exhaustion of state court remedies regarding Ground 1:**

**State concisely every ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.**

Continuation →   **GROUND 1**

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my

___14th___ Amendment right to _Due Process   Breach of Plea_,
_Plain err_

based on these facts:

Theses actions by NDOC The NV Parole Board, and the AG's office Worked to the extreme detriment of Mr. Carter in the form of #1 extended the time I must serve in Prison. #2 Prolonged incarceration on at less one sentence. To support this fact please See Exhibit #3 Grievance (Level 2 response). State's NDOC conceds it had errored in appling credits 7/07 through 4/08 This error has now been corrected. See date of Grievance 6/14/16 I was on a 2 to 6 in 3/08 maining NDOC could not have corrected this error I ▓▓ expired that Sentence in "2010" and #3 Theses actions Denied Mr. Carter Due Process to recieve the full benefit of his Plea agreement.

   To State Mr. Carter has already received a parole hearing his claims are moot, No relief can be afforded. Where Mr. Carter has already expired or appeared before the board on that Sentence is erroneous as a matter of law.

   Where the record is clear Mr. Carter entered a legal plea agreement and the prior Sentences Mr Carter expired or paroled inwhich the named defendants erroneous credit application served to the extreme detriment of Mr. Carter are all part of the same Plea agreement Mr. Carter is "currently" being Subjected to remain in without #1 immediate resentencing or withdrawal of Plea despite NDOC's and the AG's office clear Violations of the spirit and the terms of the Plea agreement.

   A Violation of the Spirit and the trems of the Plea agreement mandates reversal for #1 immediate resentencing or #2 withdrawal of the plea agreement, Not a parole Board hearing Inwhich was the only relief provided by to Mr Carter.

**Exhaustion of state court remedies regarding Ground 1:**

3

Ground 1   Continuation

1    It appears the court was going off of the ruling in the Williams
2   case Due to NDOC's err in that case was the Some in Mr Carters' case
3   but what the N.V Supreme court fail to understand is Williams was found
4   Guilty by a Jury. Therefore, the Violations committed on his expired or paroled
5   Sentences must be addressed Civily and the only relief is monatary.
6      Here in mr carters case he entered a Plea agreement and the
7   Violations /err on his prior or expired/paroled Sentences consituted
8   a Breach of Plea as a matter of law and entitles mr Carter
9   to such relief as #1 immediate resentencing or #2 allowed to
10   withdrawal of Plea agreement to protect the enterest of Justice.
11      NDOC and the AG's office can not Breach mr carters Plea
12   agreement correct part then State the other Violations are moot.
13   and refuse to apply the appropriate remedy for said Violations
14   mr carter is entitled to #1 immediate resentencing or #2
15   withdrawl of Plea agreement.

▸ **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

___ Yes _X_ No.  If no, explain why not: _New Ruling Williams case_ _warranted relief in mr Carters case "2018"_.

▸ **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

___ Yes ___ No.  If no, explain why not: _____ N/A _____

_____

If yes, name of court: _____ date petition filed ___/___/___.

Did you receive an evidentiary hearing? ___ Yes ___ No.  Did you appeal to the Nevada Supreme

Court?___ Yes ___ No.  If no, explain why not: _____ N/A _____

_____.

If yes, did you raise this issue?___ Yes ___ No.  If no, explain why not: _____

_____

▸ **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes ___ No.  If yes, explain why: _____ N/A _____

_____.

If yes, name of court: _____ date petition filed ___/___/___.

Did you receive an evidentiary hearing? ___ Yes ___ No.  Did you appeal to the Nevada Supreme

Court?___ Yes ___ No.  If no, explain why not: _____

_____ N/A _____.

If yes, did you raise this issue?___ Yes ___ No.  If no, explain why not: _____

_____

▸ **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or

sentence overturned based on this issue (such as administrative remedies)?  ___ Yes ___ No.  If yes,

explain: _____ N/A _____

_____.

**State concisely every ground for which you claim that the state court conviction and/or sentence is**

4

unconstitutional. Summarize briefly the facts supporting each ground. You may attach up to two extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

## GROUND 2

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my 14th Amendment right to Due Process  Equal protection, based on these facts:

District court and the N.V. Supreme Court errored Stating District Court Properly denied Mr Carters Petition without conducting an evidentiary hearing. (Holding an evidentiary hearing is warranted only if a Petitioner raises claims Supported by Specific factual allegations that are not belied by the record and if, true would entitle him relief.) Hargrove V. State, 100 Nev. 498, 502-03

In the instant case mr. Carter informed the court,
#1 mr. Carter entered a legal binding Plea agreement.
#2 NDOC's credit application imposed on mr. Carter was contrary to the credit Laws governing the conviction of his Plea agreement consituting a Breach of Plea.
#3 The AG's office arguement to district court mr. Carter was not entitled to credit deduction to his minimum terms. Was Contrary to the Laws governing mr. Carters Convictions consituting a Direct Breach of Plea
#4 The actions by NDOC and the AG's office directly Breached the Plea agreement
#5. Theses actions resulted in the extreme deferment of mr carter #1 extending the time he must serve in Prison #2 Prolonged incarceration on one Sentence & #3 Disadvantaged mr. Carter from receiving the full benefit of his Plea agreement with all allegations Supported by the record.

**Exhaustion of state court remedies regarding Ground 2:**

▸ **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

___ Yes  ___ No.  If no, explain why not: _____ *N/A* _____

_____.

▸   **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

___ Yes  ✗ No.  If no, explain why not: *New N.V. Supreme Court Ruling*

_____ *Williams Case see exhibit #* _____.

If yes, name of court: _____  date petition filed ____/____/____.

Did you receive an evidentiary hearing?  ___ Yes  ___ No.  Did you appeal to the Nevada Supreme

Court?___ Yes  ___ No.  If no, explain why not: _____

_____ *N/A* _____.

If yes, did you raise this issue?___ Yes  ___ No.  If no, explain why not: _____

_____.

▸   **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes  ___ No.  If yes, explain why: _____ *N/A* _____

_____.

If yes, name of court: _____  date petition filed ____/____/____.

Did you receive an evidentiary hearing?  ___ Yes  ___ No.  Did you appeal to the Nevada Supreme

Court?___ Yes  ___ No.  If no, explain why not: _____ *N/A* _____

_____.

If yes, did you raise this issue?___ Yes  ___ No.  If no, explain why not: _____

_____.

▸   **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or

sentence overturned based on this issue (such as administrative remedies)?  ___ Yes  ___ No.  If yes,

explain: _____ *N/A* _____

_____.

**State concisely every ground for which you claim that the state court conviction and/or sentence is**

**unconstitutional.  Summarize briefly the facts supporting each ground.  You may attach up to two**

extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

## GROUND 3

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my ___14th___ Amendment right to _Due Process_ _Breach of Plea,_ _Plain error_ based on these facts:

_District court along with the N.V. Supreme court errored Ruling District Court properly construed Mr Carters Petition as challenge to computation of time._

Mr. Carter affirmatively argued in his Petition to district court the relief given in the Williams Case would only Prejudice Mr Carter from recieving the appropriate remedy of holding an evidentiary hearing to determine wheather or not NDOC arbitrary government actions I.E. depriving Mr Carter of deduction of credits from his minium term Supported by the AG's offices actual Breach of Plea agreement warrented relief in the form of #1 immediate resentenceing or #2 withdrawl of Plea agreement. Moreover, Mr Carter raised claims Such as Plain err, & Breach of Plea furthermore, Mr Carter informed the court in his response to motion to transferr and I Quote: Petitioner is not challenging the Computation of time but moreover, the Breach of Plea by the government agencys and the AG's office See line 14.16 also lines 1 to 13 Petitioner is not challenging the Computation of time Petitioner has already Challenged the Computation of time and the NV Supreme court has determined NDOC the NV parole Board and the AG office has errored by fail to deduct credits from Mr carters minimum terms. Therefore, District court could not have properly construed Mr. Carters Petition as Solely Challenging computation of time.

**Exhaustion of state court remedies regarding Ground 3:**

▸ **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

extra pages stating additional grounds and/or supporting facts. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a subsequent action.

## GROUND 3

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my

_____ Amendment right to _____,

based on these facts:

## CONCLUSION.

In the instant case mr. Carter is seeking the appropriate Remedy for the Breach of Plea inwhich NDCC's erroneous Credit application imposed along with the A.G.'s office Breach of Plea for affirmatively supporting for district court to subject Mr Carter to further deprivation of credits from his minimum term contrary to the Laws governing the conviction in mr Carters Plea agreement.

## Relief Sought.

reverse and remand back to district court to be immediately resentenced to the same Plea agreement (—) the two expired sentences to be sentenced to the minimum term allowable under the Plea agreement to run concurrent with the remaining cases credit time served and Mr Carter will Sign wavier not to Sue
This way the State is not Prejudice to have to re try mr. Carter or Allow mr Carter to withdraw his Plea agreement to protect the interest of Justice to Support this relief Petitioner relies on the record and Exhibits 1 through 6 Attached
Please help!

**Exhaustion of state court remedies regarding Ground 3:**

▸ **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

___ Yes ___ No.  If no, explain why not: _____ N/A _____

_____

► **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

___ Yes _X_ No.  If no, explain why not: _New N.V. Supreme Court Ruling_
_provided relief in the instant case._

If yes, name of court: _____ date petition filed ___/___/___.

Did you receive an evidentiary hearing? ___ Yes ___ No.  Did you appeal to the Nevada Supreme

Court? ___ Yes ___ No.  If no, explain why not: _____ N/A _____

_____

If yes, did you raise this issue? ___ Yes ___ No.  If no, explain why not: _____

_____

► **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes ___ No.  If yes, explain why: _____ N/A _____

_____

If yes, name of court: _____ date petition filed ___/___/___.

Did you receive an evidentiary hearing? ___ Yes ___ No.  Did you appeal to the Nevada Supreme

Court? ___ Yes ___ No.  If no, explain why not: _____ N/A _____

_____

If yes, did you raise this issue? ___ Yes ___ No.  If no, explain why not: _____

_____

► **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or

sentence overturned based on this issue (such as administrative remedies)? ___ Yes ___ No.  If yes,

explain: _____

_____ N/A _____

**WHEREFORE,** petitioner prays that the court will grant him such relief to which he is

entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in

state custody.

8

Shannon Carter Pro-se
(Name of person who wrote this
 complaint if not Plaintiff)

(Signature of Plaintiff)

4. 22. 21
(Date)

(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## DECLARATION UNDER PENALTY OF PERJURY

I understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Executed at ___E.S.P  Ely State Prison___ on ___4. 22. 21.___
              (Location)                        (Date)

(Signature)                    Shannon Carter
                               (Inmate prison number)

9

Exhibit # 1

N.V. Supreme Court order

Affirmance

Exhibit # 1

## IN THE COURT OF APPEALS OF THE STATE OF NEVADA

SHANNON DEAN CARTER,
Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF CORRECTIONS;
AND JAMES DZURENDA,
Respondents.

No. 81632-COA

**FILED**

MAR 12 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

Shannon Dean Carter appeals from an order of the district court denying his July 16, 2018, postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James E. Wilson, Judge.

First, Carter argues the district court erred by denying his challenge to the computation of time served. In his petition, Carter claimed the Nevada Department of Corrections (NDOC) erroneously failed to apply his statutory credits toward his minimum parole eligibility date for his aggregated prison term. Carter also contended the remedy should be allowing him to withdraw his plea because NDOC's alleged calculation error extended the time he would have to spend in prison, thereby breaching his plea agreement.

The appropriate remedy for Carter's claim would be a parole hearing. *See Williams v. State Dep't of Corr.*, 133 Nev. 594, 600 n.7, 402 P.3d 1260, 1265 n.7 (2017) ("[T]he application of credits under NRS 209.4465(7)(b) only serves to make an offender eligible for parole earlier . . . ."). Thus, if he has already received a parole hearing regarding this sentence, his claim is moot. *See id.* ("[N]o relief can be afforded where

21-07301

the offender has already expired the sentence or appeared before the parole board on the sentence." (internal citation omitted)). The district court found Carter received a parole hearing, and the record before this court supports that finding. Because Carter's claim was moot, we conclude the district court did not err by denying it.

Second, Carter argues the district court erred by failing to conduct an evidentiary hearing to ascertain the appropriate remedy for NDOC's failure to apply statutory credits toward his minimum parole eligibility date. As explained previously, the appropriate remedy would be a parole hearing, *see id.*, and the record demonstrates that Carter has already received a parole hearing. Accordingly, the district court properly denied the petition without conducting an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (holding an evidentiary hearing is warranted only if a petitioner raises claims supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief).

Third, Carter appears to argue the district court improperly construed his petition as a challenge to the computation of time served rather than a challenge to his judgment of conviction. However, a review of Carter's petition demonstrated he challenged NDOC's computation of his parole eligibility date. Therefore the district court properly construed his petition as a challenge to the computation of time served. *See* NRS 34.724(2)(c) (stating a postconviction petition for a writ of habeas corpus "[i]s the only remedy available to an incarcerated person to challenge the computation of time that the person has served pursuant to a judgment of conviction"); *see also* NRS 34.738(3) ("A petition must not challenge both the validity of a judgment of conviction or sentence and the computation of time

that the petitioner has served pursuant to that judgment.").  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Tao

_____, J.
Bulla


cc:   Hon. James E. Wilson, District Judge
      Shannon Dean Carter
      Attorney General/Carson City
      Carson City Clerk

Exhibit #2

Plea agreement

Exhibit #2

ORIGINAL



FILED

DA #202252

2001 MAY 15 AM 9: 36

RPD 300561-00

AMY HARVEY. CLERK

BY_____

DEPUTY

CODE 1800
Richard A. Gammick
#001510
P.O. Box 30083
Reno, NV  89520-3083
(775) 328-3200
Attorney for Plaintiff

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA,

IN AND FOR THE COUNTY OF WASHOE

* * *

THE STATE OF NEVADA,

                    Plaintiff,

        v.                              Case No.  CR01-1055

SHANNON DEAN CARTER,                    Dept. No. 1
also known as
AARON MYERS,
also known as
ANTHONY MOORE,

                    Defendant.

_____/

                    <u>INFORMATION</u>

        RICHARD A. GAMMICK, District Attorney within and for

the County of Washoe, State of Nevada, in the name and by the

authority of the State of Nevada, informs the above entitled

Court that SHANNON DEAN CARTER, also known as AARON MYERS, also

known as ANTHONY MOORE, the defendant above named, has committed

the crimes of:

        <u>COUNT I.  DOMESTIC BATTERY, a violation of NRS 200.485,</u>

<u>NRS 200.481 and NRS 33.018, a felony,</u> (F340) in the manner

following:

1        That the said defendant on or between the 11th day of
2   December A.D. 2000, and the 15th day of December A.D. 2000, or
3   thereabout, and before the filing of this Information, at and
4   within the County of Washoe, State of Nevada, did willfully and
5   unlawfully use force and violence upon the person of SARAH
6   WILSON, girlfriend of the defendant and/or a person with whom the
7   defendant has a child in common, said force and violence
8   occurring at or near the location of the MacGregor Inn, 1661 East
9   6th Street, Reno, Washoe County, Nevada, by striking said victim
10  and/or by kicking said victim and/or strangling said victim
11  and/or by striking said victim with a belt and/or by throwing
12  said victim to the ground, after having been previously convicted
13  of an offense constituting domestic battery on or about March 16,
14  1997, in Reno Municipal Court, and on or about January 27, 2000,
15  in Reno Justice Court.

16          COUNT II.  KIDNAPPING IN THE SECOND DEGREE, a violation
17  of NRS 200.310-2, NRS 200.330 and NRS 193.165, a felony, (F620)
18  in the manner following:

19        That the said defendant on or between the 11th day of
20  December A.D. 2000, and the 15th day of December A.D. 2000, or
21  thereabout, and before the filing of this Information, at and
22  within the County of Washoe, State of Nevada, did willfully,
23  unlawfully, and without authority of law, seize, take, carry
24  away, and/or kidnap the person of SARAH L. WILSON with the intent
25  to detain the said victim against her will and did use a deadly
26  ///

-2-

1  weapon in the commission of the offense, to wit: a leather belt

2  with a brass belt buckle as a garrote or choking device.

3          COUNT III.  WILLFULLY ENDANGERING A CHILD, AS THE

4  RESULT OF CHILD ABUSE AND/OR NEGLECT, a violation of NRS 200.508,

5  a gross misdemeanor, (G370) in the manner following:

6          That the said defendant on or between the 11th day of

7  December A.D. 2000, and the 15th day of December A.D. 2000, or

8  thereabout, and before the filing of this Information, at and

9  within the County of Washoe, State of Nevada, did willfully and

10  unlawfully, being an adult person, cause DEVANTE W., a child of

11  the age of 3 months, to be placed in an endangered situation

12  where the said child may have suffered physical pain and/or

13  mental suffering as the result of such child abuse and/or neglect

14  in that the said defendant was holding the infant child while he

15  was striking and/or kicking the child's mother, SARAH WILSON.

16

17          All of which is contrary to the form of the Statute in

18  such case made and provided, and against the peace and dignity of

19  the State of Nevada.

20                              RICHARD A. GAMMICK
                               District Attorney
21                              Washoe County, Nevada

22

23                              By
                                   JAMES W. SHEWAN
24                                 0781
                                   Deputy District Attorney
25

26

                            -3-

1       The following are the names and addresses of such

2  witnesses as are known to me at the time of the filing of the

3  within Information:

4

5  RENO POLICE DEPARTMENT

6  OFFICER B. ARMITAGE #6444
   OFFICER T. McKENNA #2252

7
   SARAH WILSON, 14500 Riley, #13, Reno, Nevada

8

9

10

11

12

13

14

15

16

17

18

19                              RICHARD A. GAMMICK
                                District Attorney
20                              Washoe County, Nevada

21

22                              By _____

23                              JAMES W. SHEWAN
                                0781
24                              Deputy District Attorney

25  PCN 82411784

26  05145561

-4-

Exhibit #3

Grievance

Exhibit #3



# State of Nevada
# Department of Corrections

### INMATE GRIEVANCE REPORT

**ISSUE ID#**   20063025857          *8C/14A*          **ISSUE DATE:**   06/14/2016

| INMATE NAME | | NDOC ID | TRANSACTION TYPE | | ASSIGNED TO | |
|---|---|---|---|---|---|---|
| CARTER, SHANNON D | | 70773 | RTRN_L2 | | DTRISTAN | |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 2 | 12/22/2016 | | Upheld | LHINE | A |

| INMATE COMPLAINT |
|---|

| OFFICIAL RESPONSE |
|---|
| Inmate Carter:<br>I am in receipt of your grievance and have reviewed your specific issues.  The responses you were provided at the Informal and First Level have appropriately addressed your concerns.  Specifically, you have grieved the application of credits.  Your first level grievance response states that OMD had researched your claim and that you should have 20 credits per month starting 07/01/2007. If you believe your credits to still be incorrectly applied, please contact your caseworker. Your grievance is partially upheld. |

*GRIEVANCE RESPONDER*

Report Name: NVRIGR
Reference Name: NOTIS-RPT-OR-0217.3
Run Date:    DEC-29-16 01:23 PM

RECEIVED

JAN 1 0 2017

HDSP WARDN

LOG NUMBER: *20063025857*

## NEVADA DEPARTMENT OF CORRECTIONS
## SECOND LEVEL GRIEVANCE

NAME: *Shannon Carter*                    I.D. NUMBER: *70773*

INSTITUTION: *H·D·S·P*                    UNIT: *12 B - 10*

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER *20063025857* , ON THE
SECOND LEVEL. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION
IS ATTACHED FOR REVIEW.

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: *Shannon Carter*                    DATE: *9·29·16*

WHY DISAGREE: *The response states this error has been corrected How & when*
*I expired that sentence long ago I have not been compensated with*
*money Nor, has the good time credit been imposed to my new sentence*
*How was this issue corrected Moreover my credits have not been imposed correctly*
*I am entitled to 20 days a month from the front and Back of my sentence*

GRIEVANCE COORDINATOR SIGNATURE: *[signature]*                    DATE: *9·29·16*

SECOND LEVEL RESPONSE: _____

SEP 3 0 2016
HDSP

_____ GRIEVANCE UPHELD ✓ GRIEVANCE DENIED_____ ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE: *[signature]*          TITLE: *Asst o*      DATE: *12/30/16*

GRIEVANCE COORDINATOR SIGNATURE: _____ DATE: _____

INMATE SIGNATURE: *Shannon Carter*                    DATE: *1/7/2017*

### THIS ENDS THE FORMAL GRIEVANCE PROCESS

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

RECEIVED
OCT 27 2016
NDOC
DEPUTY DIRECTORS OFFICE

JAN 10 2017
JAN 10 2017

DOC 3094 (12/01)



# State of Nevada
# Department of Corrections

*INMATE GRIEVANCE REPORT*

**ISSUE ID#** 20063025857        **ISSUE DATE:** 06/14/2016

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| CARTER, SHANNON D | 70773 | RTRN_L1 | BWILLIAMS |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 1 | 09/20/2016 | 5 | Upheld | HSAMS | A |

### INMATE COMPLAINT

### OFFICIAL RESPONSE

Inmate Carter:

I am in receipt of your first level grievance as it relates to incorrect credit application. The Offender Management Division (OMD) has researched your claim and found you should have received 20 credits per month starting 07/01/2007. OMDs research shows you did not receive the proper amount of credit from 07/2007 to 04/2008. This error has now been corrected.

Grievance resolved.

SEP 3 0 2016

HDSP


*GRIEVANCE RESPONDER*

Log Number *20063025857*

## NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Shannon Carter         I.D. NUMBER: 70773

INSTITUTION: H.D.S.P         UNIT: 12-F-13

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 20063025857, IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: Shannon Carter         DATE: 7·1·16

WHY DISAGREE: S.B. 71 Section (6) States offenders sentenced to prison for a crime on or after July 17 1997 is to receive a deduction of 20 days from his sentence. Department of Correction Credit History states from 3/29/2001 till 2/29/2008 I receive only 10 days each month Not 20 weather you take it off the front or back theses Credits are owed and I need them

GRIEVANCE COORDINATOR SIGNATURE: _____         DATE: 07/01/16

FIRST LEVEL RESPONSE: _____

SEP 30 2016

HDSP

RECEIVED

HDSP

X GRIEVANCE UPHELD ___   GRIEVANCE DENIED ___   ISSUE NOT GRIEVABLE PER AR 740 ___

WARDEN'S SIGNATURE: B. Will____         TITLE: Warden   DATE: 9-21-16

GRIEVANCE COORDINATOR SIGNATURE: _____         DATE: 9-20-16

INMATE AGREES X   INMATE DISAGREES ___

INMATE SIGNATURE: Shannon Carter         DATE: 9-27-16

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

Original:   To inmate when complete, or attached to formal grievance
Canary:    To Grievance Coordinator
Pink:      Inmate's receipt when formal grievance filed
Gold:      Inmate's initial receipt



# State of Nevada
# Department of Corrections

### INMATE GRIEVANCE REPORT

**ISSUE ID#**   20063025857

**ISSUE DATE:**   06/14/2016

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| CARTER, SHANNON D | 70773 | RTRN_INF | DARNELL JOHNSON |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| IF | 06/24/2016 | 4 | Denied | HSAMS | A |

| INMATE COMPLAINT |
|---|
|  |

| OFFICIAL RESPONSE |
|---|
| You have 8 counts and they are violent.  Time is not taken off the front of your sentence for violent offenses. |

RECEIVED

HDSP

SEP 3 0 2016

HDSP

*GRIEVANCE RESPONDER*

Log Number **2016 3025857**

## NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: _ShanNoN Carter_    I.D. NUMBER: _70773_

INSTITUTION: _H.D.S.P_    UNIT: _10 A-20_

GRIEVANT'S STATEMENT: _I Have been iNformed that my good time work time credits have Not been give to me and taked off of my Sentences appropriately as require by N.V. State law my time should have been coming off the Front and back Not Just the Back I have been iN (N.D.O.C) Custody SiNce 2001 I would like this time Fixed._

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: _Shannon Carter_    DATE: _6-7-16_ TIME: _5:30_

GRIEVANCE COORDINATOR SIGNATURE: _[signature]_ DATE: _6-9-16_ TIME: _8_

RECEIVED

GRIEVANCE RESPONSE: _____

HDSP

RECEIVED

JUN 1 3 2016

HDSP

CASEWORKER SIGNATURE: _____ DATE: _____    SEP 3 0 2016

____ GRIEVANCE UPHELD ____ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740    HDSP

GRIEVANCE COORDINATOR APPROVAL: _[signature]_ DATE: _6-27-16_

_____ INMATE AGREES __✗__ INMATE DISAGREES

INMATE SIGNATURE: _[signature]_ DATE: _6-28-16_

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

DOC 3091 (12 / 01)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: _Shannon Carter_     I.D. NUMBER: _70773_

INSTITUTION: _H.D.S.P_     UNIT #: _10 A-20_

GRIEVANCE #: _____     GRIEVANCE LEVEL: _Informal_

GRIEVANT'S STATEMENT CONTINUATION:     PG. _2_ OF _2_

(Remedy) Take the credits owed From 2001 Till now deduct from the front and back Fix my Sentence and See what I have left to do I would like a full investagation to determined how this happen and to make sure it dont happen again.

RECEIVED

HDSP

RECEIVED

3 2016

HDSP

SEP 30 2016

HDSP

Original:     Attached to Grievance
Pink:     Inmate's Copy

JAN 10

DOC – 3097 (01/02)

Exhibit # 4

NV Supreme Court Case

No. 66159

Vonseydewitz.

Exhibit # 4

FREDERICK VONSEYDEWITZ, Appellant, vs. ROBERT LEGRAND, WARDEN, Respondent.

SUPREME COURT OF NEVADA

No. 66159

2015 Nev. Unpub. LEXIS 788

February 12, 2015, Filed

Notice:

AN UNPUBLISHED ORDER SHALL NOT BE REGARDED AS PRECEDENT AND SHALL NOT BE CITED AS LEGAL AUTHORITY. SCR 123.

Editorial Information: Subsequent History

Habeas corpus proceeding at, Remanded by Vonseydewitz v. LeGrand, 2015 Nev. Unpub. LEXIS 778 (2015)

Editorial Information: Prior History

Vonseydewitz v. Nev. Dept of Corr., 2012 Nev. Unpub. LEXIS 1206 (2012)

Judges: Saitta, J., Gibbons, J., Pickering, J.

Opinion

## ORDER TO SHOW CAUSE

This is an appeal from an order denying a post-conviction petition for a writ of habeas corpus challenging the computation of time served. After a preliminary review of this petition, it appears that appellant Frederick Vonseydewitz may be entitled to relief.

In this petition, Vonseydewitz claimed that the Nevada Department of Corrections (NDOC) was not deducting credits earned pursuant to NRS 209.4465 ("statutory credits") from his minimum sentence, in violation of NRS 209.4465(7)(b). He further claimed that the failure violated state law and the federal Ex Post Facto Clause. The State countered that NRS 209.4465(8) made him ineligible for the deduction of credits from his minimum sentence under NRS 209.4465(7)(b) and that NRS 213.120(2), which governs parole eligibility in general, prohibits the deduction of credits from Vonseydewitz's minimum sentence.

The law in effect at the time Vonseydewitz committed his offenses is the law that governs the application of statutory credits. See Weaver v. Graham, 450 U.S. 24, 31-33, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981); Goldsworthy v. Hannifin, 86 Nev. 252, 255, 468 P.2d 350, 352 (1970). Vonseydewitz was convicted of offenses committed between May 1, 1996, and August 31, 2006. The parties agreed that NRS 209.4465 is the applicable credits statute. During the relevant time period, NRS 209.4465(7)(b) provided that statutory credits allowed under that statute "apply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." 1997 Nev. Stat., ch. 641, § 4, at 3175.

Vonseydewitz claimed, and the State conceded, that he was not sentenced pursuant to a statute that specified a minimum sentence that must be served before he would be eligible for parole.1 Accordingly, unless some other provision precluded the statutory credits from being applied to Vonseydewitz's minimum sentence, NRS 209.4465(7)(b) allowed for the deduction of statutory credits

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

from the minimum sentence imposed.

The State argued below that a provision that took effect after the offenses in this case were committed, NRS 209.4465(8), provided an exception to NRS 209.4465(7)(b) that precluded the deduction of statutory credits in this case. See NRS 209.4465(7) (as amended in 2007) ("Except as otherwise provided in subsection 8," credits earned pursuant to NRS 209.4465 are deducted as set forth in NRS 209.4465(7).). NRS 209.4465(8) provides that statutory credits cannot be deducted from the sentence of a person convicted of certain offenses including those that Vonseydewitz was convicted of committing. Vonseydewitz claimed that the application of this section to his sentence violates the Ex Post Facto Clause. He appears to be correct.

A statute violates the Ex Post Facto Clause when it imposes more punishment for an offense than was allowed at the time it was committed. Weaver, 450 U.S. at 28; Goldsworthy, 86 Nev. at 255, 468 P.2d at 352. There are two elements to the inquiry into whether a law is "ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. Weaver, 450 U.S. at 29 (footnote omitted). NRS 209.4465(8) was enacted after Vonseydewitz committed his offenses, and it satisfies the first prong because it clearly applies retroactively. 2007 Nev. Stat., ch. 525, § 21(1), at 3186.

The statute also appears to satisfy the second prong. Changes to the application of credits effectively alter the amount of time a prisoner must serve, so any reduction in the amount of credits applied disadvantages the prisoner. Weaver, 450 U.S. at 32-34. When NRS 209.4465 was enacted, only the statutes for certain category A felonies specified a minimum sentence that had to be served before a convicted offense would become eligible for parole. See, e.g., NRS 200.320(1) (providing sentences for first-degree kidnapping that include "life with the possibility of parole, with eligibility for parole beginning when a minimum of 15 years has been served"). Thus, offenders convicted of felonies that were not category A felonies were entitled to have statutory credits deducted from the minimum term imposed. When NRS 209.4465(8) was adopted in 2007, it expanded the offenses for which credits could not be deducted from the statutory minimum to include all category B felonies, felonies involving the use or threat of use of force or violence, felony sexual offenses, and violations of certain sections of NRS chapter 484C. NRS 209.4465(8) thus reduced the statutory credits that could be applied to the minimum sentences of offenders convicted of those offenses. Such a retroactive change appears to violate the Ex Post Facto Clause.

Alternatively, the State argued below that NRS 213.120(2), which was in effect at the time the offenses were committed, precluded the application of statutory credits under NRS chapter 209 to reduce Vonseydewitz's minimum term of imprisonment.

[A] prisoner who was sentenced to prison for a crime committed on or after July 1, 1995, may be paroled when he has served the minimum term of imprisonment imposed by the court. Any credits earned to reduce his sentence pursuant to chapter 209 of NRS while the prisoner serves the minimum term of imprisonment may reduce only the maximum term of imprisonment imposed and must not reduce the minimum term of imprisonment.

1995 Nev. Stat., ch. 443, § 205, at 1260 (emphasis added). The plain language of NRS 213.120(2) and NRS 209.4465(7) during the relevant time period appears to have been in conflict. NRS 213.120(2) provided that statutory credits under NRS chapter 209 "must not reduce the minimum term of imprisonment" whereas NRS 209.4465(7)(b) provided that those credits could apply to parole eligibility unless the sentencing

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exhibit #5

District court Decision and order.

Exhibit #5

Electronically Filed
9/20/2017 2:05 PM
Steven D. Grierson
CLERK OF THE COURT

1   DAO

2                    EIGHTH JUDICIAL DISTRICT COURT

3                        CLARK COUNTY, NEVADA

4

5   SHANNON CARTER,

                        Petitioner,            Case No.   A-16-743161-W

6       vs.                                    Dep't No.  VII

7   DWIGHT NEVEN                               Consolidated with

8                        Respondents.          Case No.   A-16-744546-W

9                                              And

10                                             Case No.   A-16-745372-W

11                                             Dep't No.  VII

12                                             And

13                                             Case No.   A-16-745374-W

                                               Dep't No.  VII

14

15                       **DECISION AND ORDER**

16

17          Now before the Court is Petitioner Shannon Carter's Petitions for Writ of Habeas Corpus.

18  These matters came before the Court on June 8, 2017.  Pursuant to NRCP 42(a), cases A-16-

19  7742161-W, A-16-744546-W, A-16-745372-W and A-16-745374-W are consolidated as they

20  concern common questions of law and fact with respect to Mr. Carter's Petitions for Writ of Habeas

21  Corpus. The Court did not entertain oral arguments and now rules based solely on the pleadings

22  pursuant to NRS 34.770(2).  The Court denies Mr. Carter's Petitions for Writ of Habeas Corpus.

23          **I.      Factual and Procedural Background**

24          Mr. Carter is currently serving an aggregated sentence for Felony Domestic Battery and

25  Kidnapping in the Second Degree with Use of a Deadly Weapon. The conduct giving rise to the

26  conviction took place in 2000.  Mr. Carter is serving an aggregated sentence of thirty years

27  maximum  with  the  Nevada  Department  of  Corrections  ("NDOC"),  with  a  minimum  parole

28

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII




| ☐ Voluntary Dismissal | ☒ Summary Judgment |
| ☐ Involuntary Dismissal | ☐ Stipulated Judgment |
| ☐ Stipulated Dismissal | ☐ Default Judgment |
| ☐ Motion to Dismiss by Deft(s) | ☐ Judgment of Arbitration |

1

1  eligibility in twelve years. Mr. Carter has already discharge his sentence for Domestic Violence and

2  is now serving time for the Kidnapping.

3       In the petitions Mr. Carter alleges the Nevada Department of Corrections and Warden Brian

4  Williams have failed to properly apply good time credit to Mr. Carter's minimum parole eligibility.

5  Mr. Carter argues he is entitled to a deduction of 20 days from his parole eligibility date for each

6  month he has served pursuant to NRS 209.4465.

7       The Attorney General's Office filed a single response to all of Mr. Carter's petitions on June

8  7, 2017. the Attorney General's Office argues Mr. Carter is not entitled to good time credit

9  deductions from his parole eligibility date under NRS 209.4465 because Mr. Carter's claims are

10  unfounded because they are unsupported by facts and law.

11                    **II.    Discussion**

12       Nevada Revised Statute 209.4465 governs the award of credits for crimes committed on or

13  after July 17, 1997.  The Court will apply the version of the statue in effect when Mr. Carter

14  committed the offense in 2000. An inmate that meets certain qualifications "must be allowed. . . a

15  deduction of 10 days from his sentence for each month he serves."  NRS 209.4465(1) (2003)

16  (amended 2007).  These credits "[a]pply to eligibility for parole unless the offender was sentenced

17  pursuant to a statute which specifies a minimum sentence that must be served before a person

18  becomes eligible for parole." NRS 209.4465(7) (2003) (amended 2007).

19       The Court finds Mr. Carter is not entitled to good time credit deductions from his parole

20  eligibility date under NRS 209.4465.  Any statute designating a minimum term of imprisonment

21  inherently sets the minimum sentence an offender must serve before becoming parole eligible. NRS

22  209.4465(7)(b). Accordingly, the statutes under which Mr. Carter was convicted specifies a

23  minimum sentence that must be served before Mr. Carter is eligible for parole. Therefore, Mr.

24  Carter's sentence is excluded from receiving additional time credits towards his parole eligibility

25  date under NRS 209.4465(7) as it existed in 2000.

26  //

27  //

28  //

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII

2

### III.    Conclusion

The Court consolidates cases A-16-743161-W, A-16-744546-W, A-16-745372-W, and A-16-745374-W because they concern common questions of law and fact with respect to Mr. Carter's Petitions for Writ of Habeas Corpus. The Court finds Mr. Carter is not entitled to any additional credits. Therefore, the Court denies Mr. Carter's Petition for Writ of Habeas Corpus.

DATED this 30th day of June 2017.

LINDA MARIE BELL
DISTRICT COURT JUDGE

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date of filing, a copy of this Order was electronically served through the Eighth Judicial District Court EFP system or, if no e-mail was provided, by facsimile, U.S. Mail and/or placed in the Clerk's Office attorney folder(s) for:

| Name | Party |
|------|-------|
| Shannon Carter<br>c/o High Desert State Prison | Petitioner |
| Allison Herr, Esq.<br>Deputy Attorney General | Counsel for Respondents |

TINA HURD
JUDICIAL EXECUTIVE ASSISTANT, DEPARTMENT VII

**AFFIRMATION**
Pursuant to NRS 239B.030
The undersigned does hereby affirm that the preceding Decision and Order filed in District Court case numbers A743161, A744456, A745372, AND A745374 DOES NOT contain the social security number of any person.

_____/s/ Linda Marie Bell_____     Date ___6/30/2017___
District Court Judge

LINDA MARIE BELL
DISTRICT JUDGE
DEPARTMENT VII

4

Exhibit # 6

Order Vacating Judgment and

Remanding

N.V. Supreme Court

Exhibit # 6

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

SHANNON DEAN CARTER,
Appellant,
vs.
D. W. NEVEN, WARDEN,
Respondent.

No. 73868

**FILED**

APR 1 1 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
       DEPUTY CLERK

*ORDER VACATING JUDGMENT AND REMANDING*

Shannon Dean Carter appeals from a district court order denying the four postconviction petitions for a writ of habeas corpus he filed on August 8, 2016, and September 9, 2016.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Carter argues the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Carter's claim, the district court did not have the benefit of the Nevada Supreme Court's recent decision in *Williams v. State Department of Corrections*, 133 Nev. ___, 402 P.3d 1260 (2017).[2] There, the court held credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. Carter is serving

---

[1]The district court consolidated all of the cases into one and issued one order disposing of all four petitions.

[2]Having considered Carter's pro se brief and given the decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal has therefore been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

COURT OF APPEALS
OF
NEVADA

(O) 1947B

18-90068I

sentences pursuant to such statutes for second-degree kidnapping with the use of a deadly weapon committed on or between July 17, 1997, and June 30, 2007. *See* NRS 200.330; NRS 193.165 (1995). Consistent with *Williams*, the credits Carter has earned pursuant to NRS 209.4465 should be applied to his parole eligibility on the sentence he is serving. The district court erred by ruling to the contrary.[3] Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for the district court to reconsider its decision in light of *Williams*.[4]

_____, C.J.
Silver

_____, J.        _____, J.
Tao                                                    Gibbons

cc:    Hon. Linda Marie Bell, District Judge
        Shannon Dean Carter
        Attorney General/Carson City
        Attorney General/Las Vegas
        Eighth District Court Clerk